UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:07-CV-44 PS |
| | ) | |
| LARRY W. SHEETZ, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Judgment by Default [DE 5] pursuant to Federal Rule of Civil Procedure 55(b)(2). Because the grounds for default are clearly established and the amount of damages are definite, Plaintiff's Motion for Judgment by Default is **GRANTED**.

Plaintiff filed this cause of action on March 8, 2007, seeking to obtain repayment of a loan secured by a promissory note. (Compl.) Defendant Sheetz was duly served with a summons and complaint on March 15, 2007 [DE 3]. He failed to appear, answer, or otherwise plead in this action. Plaintiff moved for clerk's entry of default on June 8, 2007 [DE 4], and the clerk entered default on June 11, 2007 [DE 6].

Peggy Palmer, a Financial Litigation Agent from the U.S. Attorney's Office, Financial Litigation Unit, calculated the debt owed to Plaintiff and submitted a Verified Statement of Amount Due [DE 5-2] (attached to the Motion for Judgment by Default). Palmer's duties involve the collection activities on debts owed to the United States. (Verified Statement ¶ 1.) Palmer attested in her Verified Statement that "[i]nformation provided by the agency leads me to

believe that the defendant is not an infant or incompetent person and is not in the military service." (*Id.* ¶ 4.)

Federal Rule of Civil Procedure 55(b)(2) gives the Court the power to enter default judgment in this situation. It provides:

> In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person . . . .

Fed. R. Civ. P. 55(b)(2). The Court however must exercise sound judicial discretion in entering default. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) ("The decision to enter default lies within the district court's discretion."). The Court may consider a number of factors when deciding a motion for default judgment. These factors include "the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt." Wright, Miller & Kane, 10A *Federal Practice and Procedure* § 2685 (3d ed. 1998) (citing cases).

Here, no material issues of fact are at issue and the grounds for default are clearly established. In addition, the default goes beyond a mere technicality, as Defendant has still not filed any responsive pleading in more than three months. Defendant was served with the summons and complaint in April 2007, and the clerk entered default on June 11, 2007. Defendant cannot be allowed to completely ignore this suit. *In re Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1062 (7th Cir. 1989) ("A trial court is entitled to say, under

proper circumstances, that enough is enough[.]"). Finally, the total monetary award is a relatively small figure. The Court finds that the weighing of factors comes out strongly in favor of Plaintiff, and accordingly, default judgment for Plaintiff is proper.

After granting a motion for default judgment, a court may conduct a hearing to determine damages. *See* Fed. R. Civ. P. 55(b)(2); *see also Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). In cases where damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits," however, such a hearing is unnecessary. *Id.* In this case, the Court has the necessary information to calculate damages, and therefore, no hearing is necessary.

As previously noted, Plaintiff provided Peggy Palmer's Verified Statement of Amount Due to establish the amount of damages owed by Defendant. Palmer declares that there remains due and owing to the United States:

| | | |
|---|---|---|
| (1) | Principal: | $2,594.66 |
| | Prejudgment interest to December 1, 2006 at 8% per annum: | $2,815.93 |
| | Total Judgment Amount: | $5,410.59; |

(2) the interest on the principal after December 1, 2006 to date of judgment at the rate of 8% per annum; (3) the post-judgment interest on the total amount at the legal rate until fully paid; and (4) the amount of $350.00 in costs for the filing fee under 28 U.S.C. §§ 1914(a) and 2412(a)(2). (Verified Statement ¶¶ 2-3.) [DE 5-2].)

Accordingly, because the damages and costs are certain and ascertainable from the

Verified Statement of Amount Due supplied by Plaintiff, the Court sees no reason to hold a hearing in this matter.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment by Default [DE 5] is **GRANTED**. It is also hereby **ORDERED AND ADJUDGED** that:

1. Judgment for unpaid amounts is hereby entered in favor of the United States of America and against Defendant Sheetz in the amount of $5,410.59 (principal plus prejudgment interest to December 1, 2006 at 8% per annum);

2. Defendant shall pay Plaintiff any interest accrued from December 1, 2006 at the rate of 8% annum until the date of judgment;

3. Defendant shall pay any interest accrued on the total amount after judgment at the legal rate of 4.99% until fully paid; and

4. Defendant shall pay the cost of the filing fee in the amount of $350.

The Clerk is directed to enter **FINAL JUDGMENT** stating that Plaintiff is entitled to the relief ordered herein. The Clerk is further directed to treat this matter as **TERMINATED**.

**SO ORDERED**.

ENTERED: July 23, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
